UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH SMITH,

      Plaintiff,                CIVIL ACTION NO. 06-13559

vs.

                                   DISTRICT JUDGE JOHN CORBETT O'MEARA

PATRICIA L. CARUSO et. al.,      MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL

This is a prisoner civil rights complaint brought under 42 U.S.C. § 1983. Defendants have yet to file a responsive pleading or other motion as permitted under Fed. R. Civ. P. 12(b). Before the Court is Plaintiff's Motion to Appoint Counsel. This Court believes that an appointment of counsel at this stage of the litigation is unnecessary.

Appointment of counsel for prisoners proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915, which states that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted). *See also Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) (citing Charles R. Richey, Prisoner Litigation in the United States Courts 75 (1995)("'Prisoners have no statutory right to counsel in civil rights cases. Instead, the appointment of counsel is within the court's discretion.'"). At this time, the Court declines

to exercise its discretion to appoint counsel to represent Plaintiff.  Plaintiff has adequately alleged the claims forming the basis of this § 1983 lawsuit indicating his basic understanding of the legal process.  Accordingly, Plaintiff's Motion to Appoint Counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: November 16, 2006         s/ Mona K. Majzoub  
                                 MONA K. MAJZOUB  
                                 UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Kenneth Smith on this date.

Dated: November 16, 2006         s/ Lisa C. Bartlett  
                                 Courtroom Deputy

**Certificate of Service**

    I hereby certify that a copy of this order was served upon Joshua Copenhaver on this date February 17, 2005.

Dated: 2/17/05                        s/ Lisa C. Bartlett
                                               Courtroom Deputy