UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH SMITH,

                Plaintiff,              CIVIL ACTION NO. 06-CV-13559-AA

   vs.

                                DISTRICT JUDGE JOHN CORBETT O'MEARA

PATRICIA L. CARUSO,        MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

                Defendants.
_____/

## REPORT AND RECOMMENDATION

I.    **RECOMMENDATION**: Defendants' Amended Motion for Summary Judgment filed on

February 1, 2007 (docket no. 21) should be **GRANTED**.

II.    **REPORT**:

      *A.   Procedural History, Facts, and Claims*

      This matter comes before the Court on the Amended Motion for Summary Judgment filed on

February 1, 2007 by Defendants Caruso, Jackson, Nobles, Konieczki, and Armstrong.[1] (Docket no. 21).

This motion supercedes the original summary judgment motion filed on January 30, 2007. (Docket no.

20). Plaintiff has responded to the motion. (Docket no. 23). All pretrial matters have been referred

to the undersigned for determination or recommendation. (Docket no. 6). The Court dispenses with

oral argument pursuant to E.D. Mich. LR 7.1(e). The matter is now ready for ruling.

      Plaintiff alleges in his civil rights Complaint pursuant to 42 U.S.C. § 1983 that Defendants have

violated the Religious Freedom Restoration Act (RFRA) by not allowing him to attend worship services

---

[1] The one remaining Defendant, Williams Collins, has not been served. An Order to
Show Cause has been entered for Plaintiff to show cause why Collins should not be dismissed
because of this lack of service. (Docket no. 26). The time for Plaintiff to file a response to that
Order has not yet expired.

and have retaliated against him for filing grievances.  (Docket no. 1).  He seeks declaratory and injunctive relief as well as damages.  (*Id.* at 10-11).

Plaintiff's allegation that he was not allowed to attend worship services centers around Defendant Collins who was the Chaplin of Mound Correctional Facility where Plaintiff was incarcerated at the time.  He has now been transferred to Marquette Branch Prison.  (Docket no. 1 at 1).  Plaintiff alleges that Defendant Collins refused to place him on the "call-out" list for Christian worship services from September 2005 until February 5, 2006.  (*Id.* at 6).  A prison regulation states that "[p]risoners shall not be released from work or school assignments to attend group religious services or activities." (MDOC Policy Directive 05.03.150 ¶ CC, docket no. 21, ex. A).  Plaintiff says that Collins told him he would not place Plaintiff on the call-out list because Plaintiff had a conflict with his prison job on Sunday mornings.  (Docket no. 1 at 6).  Plaintiff states that he filed a grievance against Collins and that Defendant Konieczki interviewed him regarding his grievance.  Defendant Konieczki allegedly told Plaintiff that he would not be placed on the list because of his prison job.  Plaintiff says that he requested to be placed on a "handwritten call-out"[2] but was told that Collins would not issue any more handwritten call-outs.  However, Plaintiff says that during the next week Collins issued more handwritten call-outs.  (*Id.* at 7).

Plaintiff also alleges that Defendant Collins retaliated against him because Plaintiff filed the grievance against him.  Plaintiff says that on December 28, 2005 he went to Bible study and Defendant Collins put him out of the study group for no reason.  (*Id.*)  Plaintiff states that on this night he filed a staff retaliation grievance.  (*Id.*)

Plaintiff next alleges that Defendant Konieczki interviewed him about this staff retaliation

---

[2] The computerized call-out list would apparently show a conflict with Plaintiff's Sunday morning prison work assignment.

grievance.  He says that Konieczki retaliated against him for filing it by having him transferred to OCF.  (*Id.* at 8).  Defendant Nobles also retaliated against Plaintiff by conspiring with Konieczki to have him transferred, according to Plaintiff.  (*Id.*)  Plaintiff further alleges that he was falsely accused of inciting to riot and assault on staff causing serious injury for which he was punished.  (*Id.*)

Defendant Armstrong allegedly retaliated against Plaintiff by not processing his grievances properly and in a timely manner.  (*Id.*).

B.    *Standard of Review*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party has the burden of showing an absence of evidence to support the non-moving party's case.  *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000).  Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial.  *Id.*  A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings.  *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

To establish a violation of 42 U.S.C. § 1983, a plaintiff must show that defendants violated a right secured by the federal constitution or laws and must show that the deprivation was committed by someone acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

C.      *RFRA and RLUIPA*

Defendants considered Plaintiff's claims as allegations of violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, *et seq.*  Plaintiff referred only to the Religious Freedom Restoration Act of 1993 (RFRA) in his Complaint.  He argues in his Response brief that because Defendants allegedly addressed his claims under the wrong legal standard that "their whole claim [is] moot."  (Docket no. 23 at 1).  The Sixth Circuit summarized the interconnected history of these two Acts in *Cutter v. Wilkinson*, 423 F.3d 579, 582-83 (6th Cir. 2005).  Briefly, Congress passed the RLUIPA in 2000 to make the RFRA's strict-scrutiny standard applicable, as pertinent to this case, whenever a substantial burden is placed on religious exercise by a state government when it occurs in a program or activity that receives federal financial assistance.[3]  *Cutter*, 423 F.3d at 582.  The Supreme Court had invalidated the RFRA as it applied to the states and their subdivisions before the passage of the RLUIPA.  (*Id.*)  Therefore, if Plaintiff's allegations are considered under the RFRA, they fail to state a claim for relief because that Act does not apply to the State of Michigan or its subdivisions. Accordingly, Defendants properly considered Plaintiff's claims under the RLUIPA, and the Court will analyze Plaintiff's claims also under that Act as well.

Defendants contend that they are protected by several immunities and that Plaintiff has failed to demonstrate a "substantial burden" on his religious exercise.  (Docket no. 21 at 8-17).  The Act requires that Plaintiff show that his religious exercise was substantially burdened.  *Dunlap v. Losey*, 40 Fed. App'x 41, 43 (6th Cir. 2002).  If there are equivalent alternatives that would allow the prisoner to exercise his religion, he usually must show that he attempted to engage these alternative methods before a substantial burden will be found.  *See id.* (finding that temporary deprivation of hardcover Bible failed

---

[3] *See Kaufman v. Carter*, 952 F. Supp. 520, 527 (W.D. Mich. 1996) ("It is not disputed that the Michigan Department of Corrections receives federal financial assistance.").

to show substantial burden when prisoner could have requested softcover Bible); *see also Watkins v. Shabazz*, 180 Fed. App'x 773, 775 (9th Cir. 2006) (no substantial burden under RLUIPA when prisoner given two alternatives to eating non-Halal meat: to eat nutritionally equivalent meat substitute or find outside religious organization to contract with prison to provide Halal meat). A rule or regulation that makes the practice of a prisoner's religion somewhat more difficult, but which has no tendency to coerce him into acting contrary to his religious beliefs does not constitute a substantial burden. *See id.* (citing *Thiry v. Carlson*, 78 F.3d 1491, 1495 (10th Cir. 1996) (applying standard under RFRA)).

Defendants contend that Plaintiff fails to show a substantial burden because he had the option of seeking another prison work assignment and attending Sunday services, and he had the option of retaining his work assignment in the prison laundry and attending alternate Wednesday worship services. (Docket no. 21 at 16). Exhibit E to Defendants' motion shows that in the response to Plaintiff's grievance filed on December 20, 2005, Defendants told Plaintiff that he had the option of requesting a different work assignment to eliminate the schedule conflict between his present job and Sunday services. Plaintiff has not alleged that he requested a different job assignment. He therefore failed to take advantage of this option which could have allowed him to attend the services he wished to attend and continue working. Plaintiff also fails to show that Defendants' actions coerced him into acting contrary his religious beliefs. The Court finds that Plaintiff has therefore failed to show that Defendants substantially burdened his religious exercise. *See Watkins,* 180 Fed. App'x at 775; *Dunlap*, 40 Fed. App'x at 43.

Defendants also show by affidavit that the prison offered "a secondary religious service on Wednesday at 6:45 p.m. for prisoners who are unable to, or who do not with [sic] to, attend services on Sunday." (Docket no. 21, ex. E, affidavit of Frank Konieczki at 1). Plaintiff has not disputed this assertion in any sworn statement. His Complaint is sworn under penalty of perjury but fails to dispute

this assertion. (Docket no. 1). Plaintiff's Response is not submitted under penalty of perjury. (Docket no. 23). In footnote 1 of that document Plaintiff alleges that "Wednesday is a bible study not a worship service." Because this statement is not sworn to it fails to create a genuine issue of material fact on the issue. *See Ashbrook*, 917 F.2d at 921. Moreover, Plaintiff has failed to present any evidence showing that he would be acting contrary to his religious beliefs if he attends this Wednesday service, whatever its exact nature may be, rather than the Sunday service. *See Abdur-Rahman v. Michigan Dep't of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995) (finding that under RFRA prisoner failed to show substantial burden when prison refused to allow him to released from prison work assignment to attend religious services and noting that there are two weekly religious services available to plaintiff at prison).

The Court therefore finds that Plaintiff has failed to carry his burden of showing that his religious exercise was substantially burdened. His claims under the RFRA/RLUIPA must fail. Because Plaintiff is not entitled to relief on the underlying claims, there is no need to address Defendants' claims of immunity from damages.

D.     *Retaliation*

Plaintiff's remaining claims involve allegations that Defendants retaliated against him for his filing of grievances. He alleges that Defendants transferred him to another prison and failed to process his grievances in a timely and appropriate manner. Plaintiff also contends that he was wrongfully accused of inciting to riot and assault on staff. Defendants argue that these claims of retaliation must be dismissed because Plaintiff failed to exhaust all of his available administrative remedies. *See* 42 U.S.C. § 1997e(a).

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The prisoner must complete all levels of the

grievance process before filing an action in federal court. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). The Supreme Court recently clarified that proper exhaustion requires a prisoner to comply with state procedural rules such as time limits for filing grievances. *Jones v. Bock*, 127 S.Ct. 910 (2007); *Woodford v. Ngo* 126 S.Ct. 2378 (2006). The MDOC policy requires that the "names of all those involved in the issue being grieved . . . be included" in the grievance. MDOC Policy Directive 03.02.130 ¶ T, docket no. 21, ex. B.

Plaintiff alleges that he filed three grievances. (Docket no. 1 at 4). The first is number 05-12-01659 17B. (*Id.*, ex. A). It is a complaint against Defendant Collins for putting Plaintiff out of the Bible study session after Plaintiff had filed a grievance against Collins for not being placed on call-out. As stated earlier, Defendant Collins has not been served, and this motion for summary judgment does not involve him. Moreover, Collins was the only person directly involved in this act. Therefore, this grievance, even if it is properly exhausted, does not exhaust Plaintiff's administrative remedies against any of the Defendants for retaliation.

The next grievance Plaintiff filed was number 05-12-1606 20Z. (Docket no. 1, ex. C). It is a complaint against Defendant Collins for refusing to place Plaintiff on the call-out list for Sunday services. Again, this grievance is only against Defendant Collins, and only he was directly involved in the alleged act. It does not exhaust any administrative remedies against any of the Defendants for retaliation.

The final grievance is a handwritten letter from Plaintiff captioned "Retaliation/Staff Corruption." (Docket no. 1, ex. D). This is a complaint against Defendants Konieczki, Nobles, and Collins alleging that they retaliated against him for using the grievance process by transferring him to OCF. Plaintiff alleges that he filed this grievance directly with the Step III authority which the grievance policy permits for claims of staff corruption. *See* MDOC Policy Directive 03.02.130 ¶ S (docket no. 21,

ex. B).  However, the policy requires that such a grievance be filed on the form just as other grievances must be filed.  *Id.* ¶ T.  Accordingly, this handwritten grievance failed to comply with the procedural rules and did not properly exhaust Plaintiff's remedies against these Defendants.  *See Woodford*, 126 S.Ct. 2378.  Moreover, Plaintiff has failed to show that this grievance was ever received by the Step III authority.  Defendants have by affidavit shown that there is no record of such a grievance being filed by Plaintiff at Step III or otherwise.  (Docket no. 21, ex. C, affidavit of James Armstrong at ¶ 11).  Accordingly, this final grievance does not show that Plaintiff has exhausted any retaliation claim against any Defendant.

Defendants are entitled to summary judgment on Plaintiff's retaliation claims because Plaintiff failed to show that he properly exhausted his administrative remedies.  The Court notes that Plaintiff's claims that Defendants interfered with his ability to exhaust his remedies do not affect this conclusion. The causes of Plaintiff's failures to exhaust are his failures to name the proper persons, describe the nature of the grievance, and follow the proper filing procedures.

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections

is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 14, 2007                         s/ Mona K. Majzoub
                                              MONA K. MAJZOUB
                                              UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: March 14, 2007                         s/ Lisa C. Bartlett
                                              Courtroom Deputy