# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**KENNETH SMITH,**

        **Plaintiff,**         **CIVIL ACTION NO. 06-CV-13559-AA**

vs.

                                  **DISTRICT JUDGE JOHN CORBETT O'MEARA**

**PATRICIA L. CARUSO,**       **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

        **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:** Defendant Collins's Motion for Summary Judgment filed on October 24, 2007 (docket no. 50) should be **GRANTED**, and this action should be dismissed.

**II.    REPORT:**

    *A.    Procedural History, Facts, and Claims*

This matter comes before the Court on the Motion for Summary Judgment filed by Defendant Collins, the sole remaining Defendant in this action. (Docket no. 50). Plaintiff has responded to the motion. (Docket no. 51). All pretrial matters have been referred to the undersigned for determination or recommendation. (Docket no. 6). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The matter is now ready for ruling.

    Plaintiff alleges in his civil rights Complaint pursuant to 42 U.S.C. § 1983 that Defendants have violated the Religious Freedom Restoration Act (RFRA) by not allowing him to attend worship services and have retaliated against him for filing grievances. (Docket no. 1). He seeks declaratory and injunctive relief as well as damages. (*Id.* at 10-11).

Defendant Collins's Motion for Summary Judgment simply adopts and incorporates the Amended Motion for Summary Judgment filed earlier by the other Defendants in this action. (Docket

no. 21). As a result of that motion, this Court recommended that the other Defendants be dismissed from the case. (Docket no. 27). The district judge has now accepted that recommendation. (Docket no. 30). The Court does not endorse this "adoption and incorporation" method of proceeding for summary judgment motions. Each Defendant's motion should address the particular facts and claims relevant to that Defendant. That was not done in this case, and the result is a waste of judicial resources.

Plaintiff's allegation that he was not allowed to attend worship services centers around Defendant Collins who was the Chaplin of Mound Correctional Facility where Plaintiff was incarcerated at the time. He has now been transferred to Marquette Branch Prison. (Docket no. 1 at 1). Plaintiff alleges that Defendant Collins refused to place him on the "call-out" list for Christian worship services from September 2005 until February 5, 2006. (*Id.* at 6). A prison regulation states that "[p]risoners shall not be released from work or school assignments to attend group religious services or activities." (MDOC Policy Directive 05.03.150 ¶ CC, docket no. 21, ex. A). Plaintiff alleges that Collins told him he would not place Plaintiff on the call-out list because Plaintiff had a conflict with his prison job on Sunday mornings. (Docket no. 1 at 6). Plaintiff states that he filed a grievance against Collins and that Defendant Konieczki interviewed him regarding his grievance. Defendant Konieczki allegedly told Plaintiff that he would not be placed on the list because of his prison job. Plaintiff says that he requested to be placed on a "handwritten call-out"[1] but was told that Collins would not issue any more handwritten call-outs. However, Plaintiff says that during the next week Collins issued more handwritten call-outs. (*Id.* at 7).

Plaintiff also alleges that Defendant Collins retaliated against him because Plaintiff filed the grievance against Collins. Plaintiff says that on December 28, 2005 he went to Bible study and

---

[1] The computerized call-out list would apparently show a conflict with Plaintiff's Sunday morning prison work assignment.

Defendant Collins put him out of the study group for no reason. (*Id.*) Plaintiff states that on this night he filed a staff retaliation grievance. (*Id.*)

  B.  *Standard of Review*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

To establish a violation of 42 U.S.C. § 1983, a plaintiff must show that defendants violated a right secured by the federal constitution or laws and must show that the deprivation was committed by someone acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

  C.  *RFRA and RLUIPA*

Defendant Collins, through the incorporation of the earlier motion, considers Plaintiff's claims as allegations of violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, *et seq.* Plaintiff referred only to the Religious Freedom Restoration Act of 1993

(RFRA) in his Complaint. Plaintiff argued in his Response brief to the earlier summary judgment motion that because Defendants allegedly addressed his claims under the wrong legal standard, "their whole claim [is] moot." (Docket no. 23 at 1). The Sixth Circuit summarized the interconnected history of these two Acts in *Cutter v. Wilkinson*, 423 F.3d 579, 582-83 (6th Cir. 2005). Briefly, Congress passed the RLUIPA in 2000 to make the RFRA's strict-scrutiny standard applicable, as pertinent to this case, whenever a substantial burden is placed on religious exercise by a state government when it occurs in a program or activity that receives federal financial assistance.[2] *Cutter*, 423 F.3d at 582. The Supreme Court had invalidated the RFRA as it applied to the states and their subdivisions before the passage of the RLUIPA. (*Id.*) Therefore, if Plaintiff's allegations are considered under the RFRA, they fail to state a claim for relief because that Act does not apply to the State of Michigan or its subdivisions. Accordingly, Defendant Collins properly considered Plaintiff's claims under the RLUIPA, and the Court will analyze Plaintiff's claims also under that Act as well.

Defendant Collins contends that Plaintiff's claims for monetary damages is barred by immunity and that Plaintiff has failed to demonstrate a "substantial burden" on his religious exercise. (Docket no. 21 at 8-17; 50). The Act requires that Plaintiff show that his religious exercise was substantially burdened. *Dunlap v. Losey*, 40 Fed. App'x 41, 43 (6th Cir. 2002). If there are equivalent alternatives that would allow the prisoner to exercise his religion, he usually must show that he attempted to engage these alternative methods before a substantial burden will be found. *See id.* (finding that temporary deprivation of hardcover Bible failed to show substantial burden when prisoner could have requested softcover Bible); *see also Watkins v. Shabazz*, 180 Fed. App'x 773, 775 (9th Cir. 2006) (no substantial burden under RLUIPA when prisoner given two alternatives to eating non-Halal meat: to eat

---

[2] *See Kaufman v. Carter*, 952 F. Supp. 520, 527 (W.D. Mich. 1996) ("It is not disputed that the Michigan Department of Corrections receives federal financial assistance.").

nutritionally equivalent meat substitute or find outside religious organization to contract with prison to provide Halal meat).  A rule or regulation that makes the practice of a prisoner's religion somewhat more difficult, but which has no tendency to coerce him into acting contrary to his religious beliefs does not constitute a substantial burden.  *See id.* (citing *Thiry v. Carlson*, 78 F.3d 1491, 1495 (10th Cir. 1996) (applying standard under RFRA)).

Defendant Collins contends that Plaintiff fails to show a substantial burden because he had the option of seeking another prison work assignment and attending Sunday services, and he had the option of retaining his work assignment in the prison laundry and attending alternate Wednesday worship services.  (Docket no. 21 at 16).  Exhibit E to Defendants' motion shows that in the response to Plaintiff's grievance filed on December 20, 2005, Defendants told Plaintiff that he had the option of requesting a different work assignment to eliminate the schedule conflict between his present job and Sunday services.  Plaintiff has not alleged that he requested a different job assignment.  He therefore failed to take advantage of this option which could have allowed him to attend the services he wished to attend and continue working.  Plaintiff also fails to show that Defendants' actions coerced him into acting contrary his religious beliefs.  The Court finds that Plaintiff has therefore failed to show that Defendant Collins substantially burdened his religious exercise.  *See Watkins,* 180 Fed. App'x at 775; *Dunlap*, 40 Fed. App'x at 43.

Defendant Collins also shows by affidavit that the prison offered "a secondary religious service on Wednesday at 6:45 p.m. for prisoners who are unable to, or who do not with [sic] to, attend services on Sunday."  (Docket no. 21, ex. E, affidavit of Frank Konieczki at 1).  Plaintiff has not disputed this assertion in any sworn statement.  His Complaint is sworn under penalty of perjury but fails to dispute this assertion.  (Docket no. 1).  Plaintiff's Response to the earlier summary judgment motion was not submitted under penalty of perjury.  (Docket no. 23).  In footnote 1 of that document Plaintiff alleges

-5-

that "Wednesday is a bible study not a worship service." Because this statement is not sworn to it fails to create a genuine issue of material fact on the issue. *See Ashbrook*, 917 F.2d at 921. His response to the present Motion is verified but fails to dispute this statement. (Docket no. 51). Moreover, Plaintiff has failed to present any evidence showing that he would be acting contrary to his religious beliefs if he attends this Wednesday service, whatever its exact nature may be, rather than the Sunday service. *See Abdur-Rahman v. Michigan Dep't of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995) (finding that under RFRA prisoner failed to show substantial burden when prison refused to allow him to released from prison work assignment to attend religious services and noting that there are two weekly religious services available to plaintiff at prison).

Because Plaintiff has failed to carry his burden of showing that his religious exercise was substantially burdened, his claims under the RFRA/RLUIPA must fail. Moreover, because Plaintiff is not entitled to relief on the underlying claims, there is no need to address Defendant Collins's claim of immunity from damages.

*D.  Retaliation*

Plaintiff's remaining claim is that Defendant Collins retaliated against him for his filing of a grievance against Collins. The retaliation allegedly occurred when Collins put him out of the Bible study class on December 28, 2005. (Docket no. 1 at 7). Defendant Collins argues that this claim of retaliation must be dismissed because Plaintiff failed to exhaust all of his available administrative remedies. *See* 42 U.S.C. § 1997e(a).

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The prisoner must complete all levels of the grievance process before filing an action in federal court. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.

1999). The Supreme Court recently clarified that proper exhaustion requires a prisoner to comply with state procedural rules such as time limits for filing grievances. *Jones v. Bock*, 127 S.Ct. 910 (2007); *Woodford v. Ngo*, 126 S.Ct. 2378 (2006).

Plaintiff alleges that he filed three grievances. (Docket no. 1 at 4). The first is number 05-12-01659 17B. (*Id.*, ex. A). It is a complaint against Defendant Collins for putting Plaintiff out of the Bible study session on December 28, 2005 after Plaintiff had filed a grievance against Collins for not being placed on call-out. Plaintiff attached his Step 1 grievance and response. He did not attach his Step 2 grievance response. He attached only a letter from Mr. Armstrong, MDOC Manager of Prisoner Affairs, rejecting the Step 3 grievance because Plaintiff had failed to submit all of the required forms. (Docket no. 1, ex. A (letter from Armstrong advising Plaintiff to "[p]lease submit a copy of your CSJ-247B form along with its response and return them with your enclosed CSJ-247A form and its response.")). Plaintiff alleges that he never received a Step 3 response. (Docket no. 1 at 4).

Plaintiff does not dispute the conclusion that must be drawn from this letter, *i.e.*, that Plaintiff submitted for his Step 3 appeal his Step 1 form and response (247A) but failed to include a copy of his Step 2 appeal form and response (247B). Plaintiff alleges that he was denied at Step 2 and sent a letter to Mr. Armstrong advising him of this. (Docket no. 1 at 4). The MDOC policy requires prisoners to submit their Step 3 appeals on the 247B forms. (Docket no. 21, ex. B, ¶ T). Therefore, by not following the procedural rules Plaintiff has not shown or alleged that he properly filed his Step 3 grievance. *See Woodford*, 126 S.Ct. 2378.

Plaintiff also fails to allege any facts from which the Court could conclude that the reason Plaintiff did not have, and apparently still does not have, a copy of his Step 2 grievance or response is

-7-

due to an act of Defendants. Therefore, this first grievance fails to show that Plaintiff properly exhausted his administrative remedies against Defendant Collins for the December 28, 2005 incident.

The next grievance Plaintiff filed was number 05-12-1606 20Z. (Docket no. 1, ex. C). It is a complaint against Defendant Collins for refusing to place Plaintiff on the call-out list for Sunday services. Because the subject of this grievance is not the December 28, 2005 incident, it cannot exhaust Plaintiff's remedies on that claim.

The final grievance is a handwritten letter from Plaintiff captioned "Retaliation/Staff Corruption." (Docket no. 1, ex. D). This is a complaint against Defendants Konieczki, Nobles, and Collins alleging that they retaliated against him for using the grievance process by transferring him to OCF. It includes the allegation that Defendant Collins retaliated against Plaintiff on December 28, 2005 by putting him out of the Bible study class. Plaintiff alleges that he filed this grievance directly with the Step III authority which the grievance policy permits for claims of staff corruption. *See* MDOC Policy Directive 03.02.130 ¶ S (docket no. 21, ex. B). However, the policy requires that such a grievance be filed on the form just as other grievances must be filed. *Id.* ¶ T. Accordingly, this handwritten grievance failed to comply with the procedural rules and did not properly exhaust Plaintiff's remedies against these Defendants. *See Woodford*, 126 S.Ct. 2378. Moreover, Plaintiff has failed to show that this grievance was ever received by the Step III authority. Defendants have by affidavit shown that there is no record of such a grievance being filed by Plaintiff at Step III or otherwise. (Docket no. 21, ex. C, affidavit of James Armstrong at ¶ 11). Accordingly, this final grievance does not show that Plaintiff has exhausted any retaliation claim against Defendant Collins.

Defendant Collins is entitled to summary judgment on Plaintiff's retaliation claim because Plaintiff failed to show that he properly exhausted his administrative remedies. The Court notes that Plaintiff's claims that Defendants interfered with his ability to exhaust his remedies do not affect this

conclusion. The causes of Plaintiff's failures to exhaust are his failures to follow the proper filing procedures.

Even if Plaintiff had shown that he properly exhausted his retaliation claim against Defendant Collins, relief on this claim would have to be denied. The elements of a First Amendment retaliation claim are: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two–that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Jackson v. Madery*, 158 Fed. App'x 656, 660 (6th Cir. 2005). Plaintiff has not shown that the adverse action taken against him, being put out of Bible study for one night, would deter a person of ordinary firmness from filing more grievances. The Sixth Circuit in *Jackson* found that the prisoner failed to show a chilling adverse action by his allegations that defendant sexually abused him by rubbing and grabbing the plaintiff's buttocks during a shakedown, combined with verbal threats such as, "Don't you know better that [sic] to sue JCF's prison guard(s)." (*Id.* at 661, 662). Plaintiff in fact was not deterred from filing another grievance shortly after Defendant Collins allegedly put him out of the Bible study class. (Docket no. 1, ex. D). Plaintiff has also not presented any evidence, other than the timing of the occurrences, that might suggest that Defendant Collins put him out of the Bible study because of the grievance that Plaintiff had filed. Therefore, Plaintiff failed to show that a genuine issue of material fact precludes summary judgment on this claim.

### III.     **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932

F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: December 05, 2007	s/ Mona K.Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Kenneth Smith and Counsel of Record on this date.

Dated: December 05, 2007	s/ Lisa C. Bartlett
Courtroom Deputy